# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

KARLTON TERRY LEWIS,

Defendant-Appellant.

UNPUBLISHED
December 22, 2016

No. 329383
Wayne Circuit Court
LC No. 15-002576-02-FH

Before: JANSEN, P.J., and CAVANAGH and BOONSTRA, JJ.

JANSEN, P.J. (*dissenting*).

I respectfully dissent. I conclude that Simpson's conduct of turning directly in front of or swerving into the path of an oncoming vehicle while intoxicated constituted gross negligence and superseded defendant's conduct such that the causal link between defendant's conduct and the victim's death was broken. Therefore, I would reverse defendant's conviction and sentence, and remand for entry of an order of conviction for operating a motor vehicle while intoxicated, MCL 257.625(1), and for resentencing.

The sole issue is whether defendant's conduct constituted a proximate cause of the victim's death. As explained in the majority opinion, proximate cause exists when the victim's injury is a " 'direct and natural result' " of the defendant's conduct. *People v Schaefer*, 473 Mich 418, 436; 703 NW2d 774 (2005) (citation omitted). In determining whether a defendant was a proximate cause of the victim's injury, it is necessary to determine whether there existed an intervening cause that superseded the defendant's actions, breaking the causal link between the defendant's conduct and the victim's injury. *Id*. at 436-437. The test to determine whether an intervening cause superseded the defendant's conduct is whether the intervening cause was reasonably foreseeable. *Id*. at 437. As the majority recognizes, ordinary negligence is reasonably foreseeable, but gross negligence on the part of a third party is not. *Id*. at 437-438. Our Supreme Court has defined "gross negligence" as " 'wantonness and disregard of the consequences which may ensue, and indifference to the rights of others that is equivalent to a criminal intent.' " *Id*. at 438 (citation omitted).

In *People v Feezel*, 486 Mich 184, 188; 783 NW2d 67 (2010) (opinion by CAVANAGH, J.), the defendant was convicted of operating a motor vehicle while intoxicated, second offense, MCL 257.625(1), among other convictions. The defendant was driving in the early hours of the morning when he struck and killed a pedestrian who was walking in the middle of the road with

-1-

his back to oncoming traffic. *Id*. at 188-189. The victim was extremely intoxicated at the time he was hit. *Id*. Our Supreme Court determined that the fact that the victim was intoxicated at the time he was hit was relevant to the issue of proximate causation, specifically with regard to whether he was conducting himself in a grossly negligent manner at the time he was hit. *Id*. at 198-199. Our Supreme Court stated:

> [w]hile intoxication may explain why a person acted in a particular manner, being intoxicated, by itself, is not conduct amounting to gross negligence. In this case, however, the victim's extreme intoxication was highly probative of the issue of gross negligence, and therefore causation, because the victim's intoxication would have affected his ability to perceive the risks posed by his conduct and diminished his capacity to react to the world around him. [*Id*. at 199.]

I conclude that Simpson was grossly negligent when she turned or swerved in front of an oncoming vehicle while intoxicated, and Simpson's actions superseded defendant's conduct. The majority recognizes that, for the purposes of MCL 257.625(4), gross negligence is presumed when an individual "acted knowingly in consuming an intoxicating liquor or a controlled substance, and acted voluntarily in deciding to drive after such consumption." *People v Lardie*, 452 Mich 231, 251, 256; 551 NW2d 656 (1996), overruled in part on other grounds by *Schaefer*, 473 Mich at 433. In this case, it is undisputed that Simpson was operating her motor vehicle while intoxicated and that she voluntarily decided to drive after knowingly consuming alcohol. Like the victim in *Feezel*, Simpson's intoxication would have affected her ability to perceive the risks posed by her conduct and diminished her ability to react to the world around her. See *Feezel*, 486 Mich at 199.

Further, Simpson's conduct of turning in front of or swerving directly into oncoming traffic while intoxicated was the result of her gross negligence. Simpson's conduct amounted to more than simply a judgment call regarding the speed of the oncoming car.[1] Instead, Simpson's actions of driving while intoxicated and turning or swerving into oncoming traffic demonstrated a wantonness and disregard for the consequences which may ensue from her actions, and indifference to the rights of others. Although defendant was driving while intoxicated at a high rate of speed, defendant drove straight through an amber light, and he had the right of way. It was not reasonably foreseeable that an intoxicated driver would cross the center line of the road into oncoming traffic or turn directly into the path of an oncoming car. Therefore, I conclude that the victim's death was not the natural and direct result of defendant's conduct. Accordingly, I believe that the trial court's findings were clearly erroneous and that the verdict was against the

---

[1] The majority points out that Simpson's expert testified that Simpson could not judge the speed of defendant's vehicle and that it is more difficult to judge the speed of an oncoming vehicle at night. However, Simpson's expert explained that when a driver is intoxicated, his or her vision and perception may be affected due to the alcohol. Also, the expert did not opine regarding the effect that Simpson's intoxication would have had on her ability to judge the speed of defendant's vehicle or her ability to make the decision to turn or swerve in front of an oncoming car.

great weight of the evidence.  For the reasons stated, I would reverse defendant's conviction and sentence, and remand for entry of an order of conviction for operating a motor vehicle while intoxicated and resentencing for that conviction.


/s/ Kathleen Jansen